IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL J. FARRELL,

       Petitioner,

v.                                       CASE NO. 5:09-cv-85-RH-AK

WARDEN CULPEPPER,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

This habeas matter is before the Court on Doc. 5, Petition for Writ of Habeas Corpus.
According to the petition, Petitioner pled *nolo contendere* to false report of a bomb threat and
sentenced to a term of 15 years imprisonment.  He appealed the judgment, and the conviction
was affirmed on October 7, 2002.  *See Farrell v. State*, 829 So.2d 207 (Fla. Dist. Ct. App. 2002).
Petitioner then filed a series of post-conviction motions under Rules 3.800(c), 3.850, and
3.800(a).  The last motion which was filed pursuant to Rule 3.800(a) was denied and affirmed on
appeal, with the mandate issuing on March 16, 2005.  *See Farrell v. State*, 895 So.2d 409 (Fla.
Dist. Ct. App. 2005).  According to his petition, he then filed a state court petition for a writ of
habeas corpus on September 6, 2007, which he claims is still pending resolution on appeal, and a
second state court habeas petition on February 20, 2009, which was dismissed on March 18,

2009.   The instant petition was not filed until April 13, 2009, after the Court received an undated prisoner consent form which was docketed as a motion for IFP and used as a case initiating document with a filing date of March 19, 2009, and it directed Petitioner to file a § 2254 petition.

Section 2254 petitions are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  This limitations period runs from the latest of the following:  the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).  Only subsection (A) is at issue in this case.

Petitioner's conviction became final 90 days after the date it was affirmed on appeal, i.e., January 6, 2003.  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002).  From November, 26, 2002, through March 16, 2005, Petitioner had some sort of post-conviction motion pending.  Though a properly filed motion for post-conviction relief will toll the one-year filing period, *id*. at § 2244(d)(2), even if the Court assumes that all of the post-conviction motions filed during that time period operated to toll the running of the one-year statute of limitations, *but see Alexander v. Secretary*, 523 F.3d 1291 (11th Cir. 2008) (while Rule 3.800(a) motion will toll statute of limitations, Rule 3.800(c) does not generally operate in that manner), the instant petition is still untimely.  Because Petitioner does not get the 90-day period for seeking certiorari from the denial of post-conviction relief, *Lawrence v. Florida*, 127 S.Ct. 1079 (2007), the Rule 3.800(a)

proceedings concluded with the issuance of the mandate on March 16, 2005. [1]  Between that date and September 6, 2007, Petitioner had no post-conviction proceedings of any kind pending in state court.  Therefore, giving Petitioner even the broadest benefit of the doubt, the one-year statute of limitations started on March 17, 2005, and ended on March 17, 2006.  Using the date that the case was opened in this Court as the filing date, March 19, 2009, the instant petition was untimely by three years.  Petitioner clearly missed the filing deadline in this Court, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here.  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  In other words, the time for filing the instant petition had expired before Petitioner filed the habeas petition in state court in September, 2007, and the filing of that motion could not toll a statute of limitations that had already expired.

The time for filing a § 2254 petition may be equitably tolled, but only if a petitioner can show "extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).  Petitioner has not attempted to meet this standard, and the Court can glean nothing from the record which would support equitable tolling.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of

---

[1]Even if footnote 1 in *Hollingsworth v. Attorney General*, 2009 WL 940286 (11th Cir. Apr. 9, 2009), is correct, the instant petition is still untimely.  The analysis would change slightly (date of affirmance plus 90 days), but the end result is the same.

habeas corpus, Doc. 5, be **DENIED AS UNTIMELY**, and this cause be **DISMISSED WITH**

**PREJUDICE**.

      **IN CHAMBERS** at Gainesville, Florida, this **6th** day of May, 2009.


          *s/ A. KORNBLUM*
          **ALLAN KORNBLUM**
          **UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

      **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**